IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| EMMIT HAROLD ALDRICH, | ) | CASE NO.1:18-CV-02891-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant, | ) | |

**Introduction**

Before me[1] is the *pro se* petition of Emmit Harold Aldrich for a writ of habeas corpus under

28 U.S.C. § 2254.[2] Aldrich is incarcerated by the State of Ohio at the North Central Correctional

Complex in Marion, Ohio.[3] He is serving an aggregate sentence of eight years in prison imposed

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Sara Lioi in a non-document order entered January 10, 2019. Supervision of this case was re-assigned to United States District Judge J. Philip Calabrese by General Order 2020-27 entered December 10, 2020.

[2] ECF No. 1.

[3] http://drc.ohio.gov/offendersearch.  Aldrich was incarcerated at the Lake Erie Correctional Institution when the petition was filed. ECF No. 1 at 1.

1

in 2017 by the Ashtabula County Common Pleas Court after Aldrich pled no contest to charges of vehicular homicide and failure to stop after an accident.[4]

Aldrich raises three claims for relief in his petition: (1) trial counsel was ineffective;[5] (2) his no contest plea was not knowing, voluntary and intelligent;[6] and (3) the trial court erred in imposing the maximum sentence.[7]The State, in the return of the writ, asserts: (1) the ineffective assistance of counsel claim should be denied on the merits;[8](2) the invalid plea claim should likewise be denied on the merits;[9]and, (3) the claim asserting error in imposing the maximum sentence should be dismissed as non-cognizable.[10]Aldrich filed a traverse.[11]

For the reasons stated below, I will recommend that the petition of Emmit Aldrich for a writ of habeas corpus be dismissed in part and denied in part as will be more fully detailed below. In addition, inasmuch as Aldrich now seeks an evidentiary hearing,[12] I will further recommend that this motion be denied.

## Proceedings in the State Courts

**1.    Background Facts, Plea, and Sentence**

The following facts are substantially taken from the Ohio appellate opinion.[13]

---

[4] ECF No. 1 at 1.
[5] *Id*. at 5.
[6] *Id*. at 6.
[7] *Id*. at 8-9.
[8] ECF No. 10 at 10-17.
[9] *Id*. at 17-22.
[10] *Id*. at 22-24.
[11] ECF No. 11.
[12] ECF No. 1 at 14; see also, ECF No. 11 (traverse) at 12.
[13] Facts found by the state appeals court in its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254 (e)(1).

2

Around 9:30 pm on January 26, 2017, Aldrich was driving on Mill Street in Conneaut, Ohio when his vehicle hit Donna Westbrook as she was crossing the street.[14]Aldrich stopped, pulled Westbrook to the side of the road, returned to his vehicle and left the scene, without notifying authorities or seeking help for Westbrook, who subsequently died due to the injuries sustained in the accident.[15]

Aldrich then hid his vehicle in his girlfriend's garage during the next few days.[16]On January 28, police contacted Aldrich at his girlfriend's home whereupon Aldrich admitted driving the vehicle that struck and killed Westbrook and acknowledged hiding the vehicle in his girlfriend's garage.[17]

Aldrich was indicted on single counts each of vehicular homicide and failure to stop after an accident and two counts of tampering with evidence.[18]After unsuccessfully seeking to have the judge recuse himself, the State agreed at a pretrial hearing to dismiss the two tampering with evidence counts in exchange for a plea of no contest to the remaining charges.[19]Aldrich accepted the deal and executed a written plea agreement.[20]The trial court then conducted a plea hearing where it reviewed with Aldrich the rights he was waiving  by agreeing to the plea.[21] The court then accepted Aldrich's no contest plea and found him guilty of the remaining two charges.[22]

---

[14] ECF No. 10, Attachment 2 (state court record/ state appeals court opinion) at 70-71.
[15] *Id*. at 71.
[16] *Id.*
[17] *Id*. at 61 (citing plea hearing transcript).
[18] *Id*. at 71.
[19] *Id.*
[20] *Id*.
[21] *Id*. at 71-72.
[22] *Id*. at 72.

At sentencing, Aldrich expressed remorse, stating that he did not see the victim until after his vehicle struck her, and further stated that he moved her off the road to prevent her from being struck again by another car.[23] He testified that he left the scene because he panicked and because there was nothing that could have been done to save the victim's life.[24] The State challenged those assertions by noting first that the intersection was well-light by a nearby gas station and noting further that Aldrich had a prior record of three OVI convictions, multiple drug convictions, and twenty-seven prior arrests.

In pronouncing sentence on May 26, 2017,[25] the trial judge found, *inter alia*, that both the seriousness of the Aldrich's actions and the likelihood he would commit further crimes weighed in favor of imposing the maximum sentence of eight years on the charge of failing to stop after an accident.[26] The court then imposed a concurrent six-month term for the vehicular homicide count.[27]

**2.      Direct appeal**

**a.      Ohio Court of Appeals**

---

[23] *Id*.

[24] *Id*.

[25] *Id*. at 49-53.

[26] *Id.* at 72.

[27] *Id*.

On June 9, 2017, Aldrich, through the same attorney as represented him for the plea, timely filed[28] a notice of appeal.[29] In his brief in support, submitted by new counsel,[30] Aldrich set forth three assignments of error:

>   1.    Trial counsel's deficient performance during the proceedings in the lower court deprived [Aldrich] of the effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.[31]
>
>   2.    An appellant's plea is not knowingly, voluntarily and intelligently made when then trial court fails to advise him of all the trial rights he is waiving by entering a plea of guilty.[32]
>
>   3.    The trial court erred in sentencing [Aldrich] to a maximum prison sentence in violation of his Sixth and Fourteenth Amendment rights.[33]

The State filed a responsive brief.[34] On December 11, 2017, the Ohio appellate court overruled all the assignments of error and affirmed the judgment of the trial court.[35]

**b.    Supreme *Court of Ohio***

On January 16, 2018, Aldrich, *pro se*, timely[36] filed an appeal from that decision in the Supreme Court of Ohio.[37] In the memorandum in support of jurisdiction, Aldrich asserted the following three propositions of law:

---

[28] To be timely, an appeal must be filed within 30 days of the entry of the judgment. Ohio App. R. 4(A).
[29] ECF No. 10, Attachment 2 at 25.
[30] *Id*. at 34.
[31] *Id*. at 36.
[32] *Id*. at 41.
[33] *Id*. at 45.
[34] *Id*. at 56.
[35] *Id*. at 70.
[36] Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) provides that a notice of appeal must be filed in the Ohio Supreme Court within 45 days of the appellate judgment for which review is sought.
[37] ECF No. 10, Attachment 2 at 80.

1.      Trial counsel's deficient performance during the proceedings in the lower court deprived defendant-appellant of the effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.[38]

2.      An Appellant's plea is not knowingly, voluntarily and intelligently made when the trial court fails to advise him of all the trial rights he is waiving by entering a plea of guilty.[39]

3.      The trial court erred in sentencing the defendant-appellant to a maximum sentence in violation of his Sixth and Fourteenth Amendment rights.[40]

The State waived the filing of a response.[41]On April 25, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.[42]

The record does not indicate that Aldrich then sought a writ of certiorari from the Supreme Court of the United States.

**Federal Habeas Corpus Petition**

On December 17, 2018, Aldrich, *pro se*, timely[43] filed the present petition for federal habeas relief.[44]Aldrich raises the following three grounds in the petition:

1.      Trial counsel's deficient performance during the proceedings in the lower court deprived Aldrich of the effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.[45]

---

[38] *Id*. at 83.

[39] *Id*.

[40] *Id*.

[41] *Id*. at 108.

[42] *Id*. at 110.

[43] The petition was filed within one year of the conclusion of Aldrich's direct appeal. 28 U.S.C. § 2254(d)(1).

[44] ECF No. 1.

[45] *Id*. at 5.

2.      Aldrich's plea is not knowingly, voluntarily and intelligently made when the trial court failed to advise Aldrich of all the trial rights he was waiving by entering a guilty plea.[46]

3.      Trial court erred in sentencing Aldrich to a maximum prison sentence in violation of his Sixth and Fourteenth Amendment rights.[47]

The State, in its return of the writ, contends that:

(1) Ground One – ineffective assistance of counsel – should be denied on the merits because the Ohio appeals court decision in that regard was not an unreasonable application of *Strickland v. Washington*;[48]

(2) Ground Two – voluntary nature of the plea – should also be denied on the merits because the Ohio appeals court concluded that the trial court fully complied with Ohio Crim. R. 11(C)(2)(c);[49]

(3) Ground Three – maximum sentence – should be dismissed as a non-cognizable state law claim.[50]

As noted, Aldrich filed a traverse.[51]

## Analysis

1.      **Preliminary observations**

Before proceeding further, I make the following preliminary observations:

---

[46] *Id*. at 6.
[47] *Id*. at 8.
[48] ECF No. 10 at 10-17 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).
[49] *Id*. at 17-22.
[50] *Id*. at 22-24.
[51] ECF No. 11.

\*　　　There is no dispute that Aldrich is in custody of the State of Ohio as a result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition, and that he was so incarcerated at the time he filed this petition, thus vesting this Court with jurisdiction.[52]

\*　　　There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[53]

\*　　　In addition, Aldrich states in his petition,[54] and my own review of this Court's docket confirms, that this is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[55]

\*　　　Furthermore, as set forth above, it appears that all claims asserted here have been fully exhausted because they have been presented to Ohio courts through one full round of Ohio's established appellate review procedure.[56]

\*　　　Finally, Brown has not sought the appointment of counsel, although he has sought an evidentiary hearing to "allow[] this Court to obtain a clearer view of the evidence."[57] In that regard, the Supreme Court in *Cullen v. Pinholster,*[58] has held that, where, as here, the state court adjudicated the claims in the petition against the petitioner on the merits, the federal habeas court is "limited to the record that was before [that] state court…."[59] Thus, there is no basis for an evidentiary hearing in this matter solely to obtain "a clearer view" of the record that was already before the Ohio court. Rather, this Court's function, as limited by statute, is only to ascertain

---

[52] 28 U.S.C. § 2254(a).
[53] 28 U.S.C. § 2254(d)(1).
[54] ECF No. 1 at 15.
[55] 28 U.S.C. § 2254(b).
[56] *Id.*
[57] ECF No. 1 at 14; see also, ECF No. 11 at 12.
[58] 563 U.S. 170 (2011).
[59] *Id.* at 180.

whether the Ohio court's application of clearly established federal law to the existing evidence of record involved an unreasonable application of or was contrary to such clearly established law.[60]

Accordingly, I recommend denying the motion/request for an evidentiary hearing.

**2.      Recommended Claims Adjudication**

**a.      Ground One**

In Ground One, Aldrich asserts the single claim that his trial counsel was ineffective for not pursuing a motion to disqualify the trial judge for bias on the grounds that: (1) Aldrich had appeared before that judge numerous times as a defendant when the judge served on the Conneaut Municipal Court and (2) the judge personally knew the victim.[61] The trial judge ruled against recusing himself and in so doing, noted that the only cases where Aldrich appeared  in front of him involved guilty pleas and further denied personally knowing the victim.[62] Aldrich here contends that if counsel had developed a record - essentially exploring that the victim worked in a bakery shop that supplied goods to the court[63] - and then pursued the recusal case to a higher court, Aldrich may have received a lesser sentence from a different judge.[64]

The Ohio appeals court stated that Aldrich's ineffective assistance argument to them was that counsel was ineffective for not requesting a hearing on the recusal motion.[65] The specific claim

---

[60] 28 U.S.C. 2254(d).
[61] ECF No. 1, Attachment 1 (brief in support) at 3.
[62] ECF No. 10, Attachment 2 at 10-11.
[63] See, ECF No. 11 at 2. "Difficult to believe" that the judge never became acquainted with the victim who was a two-decade employee of Mooney's Bakery that had a "long-term business relationship" with the court.
[64] *Id*. at 8.
[65] ECF No. 10, Attachment 2 at 73.

here is that he failed to make a record showing a possible link between the victim and the trial judge arising from the victim being employed at town bakery that did business with the court.

But that said, any seeming inconsistency is not supported by a review of the record. A review of Aldrich's brief on appeal shows that his argument there was that counsel was ineffective for failing to request a hearing that would make a record of the judge's reasoning in support of the decision denying the recusal motion – a record that would presumably show that the judge improperly stated he did not personally know the victim due to her long-time employment at a bakery doing business with the court.[66]In the alternative, Aldrich argued to the state court that counsel was ineffective for not instituting a separate action for recusal in the Ohio Supreme Court.[67]

Thus, to the extent that Aldrich is now basing his ineffective assistance argument on a specific example – alleged failure of counsel to investigate a link between the victim's employment and the trial judge – I recommend finding that this is essentially the same issue raise to the Ohio appeals court and that this claim was not procedurally defaulted for lack of fair presentment.[68]

The Ohio appeals court that addressed this claim began by noting the correct standard for evaluating claims of ineffective assistance of counsel, which is *Strickland v. Washington*.[69]As is well-known, that test consists of two parts: first, a claimant must show that counsel's performance

---

[66] *Id*. at 38-39
[67] *Id*. at 73.
[68] In that regard, I further note that even were there to be a procedural default, the federal habeas court need not address it if it can resolve the underlying claim against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).
[69] ECF No. 10, Attachment 2 at 73, citing *Strickland v. Washington*, 466 U.S. 668 (1984).

was deficient,[70] and second, the claimant must then show that there is a reasonable probability that, but for the alleged errors of counsel, the result at trial would have been different.[71]

As to the first prong of deficient performance, a claimant must show that the alleged error was so serious as to fall below the level guaranteed by the Sixth Amendment.[72] In assessing counsel's performance, the reviewing court strongly presumes that a licensed attorney is competent and that counsel's actions fell within the wide range of reasonable professional assistance.[73] The reviewing court also acknowledges that unsuccessful strategic or tactical decisions by counsel do not of themselves constitute ineffective assistance.[74] As to the second prong, a claimant must show there was a substantial likelihood of a different result absent the alleged errors, not merely that a different result was conceivable.[75]

Finally, in addition to the deference given to reasonable judgment decisions of counsel, a federal habeas court must accord deference to a state court decision that found no ineffective assistance, which is a standard difficult to meet.[76] That deference to the state court, when combined with the deference articulated in *Strickland*, means that the habeas petitioner must show that the state court's application of *Strickland* was itself unreasonable "—a substantially higher standard."[77]

To the extent this claim involves pre-plea conduct by Aldrich's attorney, such a claim is deemed waived by the entry of a valid plea.[78] Thus, if Aldrich's second ground for relief here is

---

[70] *Id.* at 687.
[71] *Id.* at 694.
[72] *Id.* at 687.
[73] *Id.* at 688-89.
[74] *Id.* at 690-91.
[75] *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).
[76] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).
[77] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).
[78] *Tollett v. Henderson*, 411 U.S. 258, 267 (1953).

without merit, the present claim is also without merit due to it being waived by the entry of the plea. Nonetheless, I will proceed to independently analyze this first ground as it was addressed by the Ohio appeals court.

That court first dismissed the claim that Aldrich's trial counsel was deficient for not filing an affidavit of prejudice concerning the trial judge with the Ohio Supreme Court or requesting a hearing there.[79] The court reasoned that because Aldrich never explicitly provided any evidence that the trial judge showed bias against him in prior cases – only asserting that he had previously appeared before that judge – and further because the judge had formally denied personally knowing the victim, "disqualification was unlikely at best."[80] In light of this, the court concluded, counsel's decision not to pursue an unlikely result cannot be ineffective assistance.[81] Moreover, a disqualification would not have helped Aldrich since any new judge would learn of Aldrich's prior record in a presentence report.[82] Thus, Aldrich cannot show any prejudice to him or that his sentence would likely have been less if given by a different judge.

Moreover, given the deference owed to the Ohio appeals court, Aldrich has not shown that its decision here was objectively unreasonable.

Accordingly, I recommend finding that this decision was not an unreasonable application of *Strickland* and so Aldrich's first ground for relief should be denied on the merits. Alternatively, for the reasons set forth immediately below, this ground should be dismissed since Aldrich waived any claim of ineffective assistance that occurred prior to the entry of a valid plea.

---

[79] ECF No. 10, Attachment 2 at 74.
[80] *Id*.
[81] *Id*.
[82] *Id.*

**b.     Ground Two**

In Ground Two Aldrich essentially claims that his plea was invalid because the trial judge never determined whether Aldrich understood that he had a right to testify in his own defense.[83] Aldrich acknowledges that the trial court inquired as his knowledge of the right not to testify but failed to inquire as to whether Aldrich knew of his right to testify.[84]

The Ohio appeals court addressed this claim in light of Ohio Crim. R. 11(C)(2)(c).[85] That rule requires a trial judge to address four specific items with a defendant before accepting a plea.[86] A review of that list and of the plea colloquy[87] shows that the trial judge addressed every item specified in Ohio Crim. R. 11(C)(2)(c) plus additional issues such as a right to appeal, the acknowledgement that the written plea constitutes an admission of the relevant facts, a statement by Aldrich that he was not under the influence of drugs or alcohol, a statement by Aldrich that no promises were made other than those specifically in the plea agreement and an opportunity for Aldrich to ask any questions.[88]

The appellate court then observed that Ohio Crim. R. 11 (C)(2)(c) does not have a "catch-all provision" that requires a trial judge to notify defendants of other rights waived.[89] Moreover, it noted that Ohio Crim. R. 11 (C)(2)(c) "sets forth the exclusive list of rights the trial court must

---

[83] ECF No. 1 at 25-26.
[84] *Id*. at 29-30.
[85] ECF No. 10, Attachment 2 at 75.
[86] *Id*.
[87] ECF No. 10, Attachment 3 at 8-11.
[88] *Id*.
[89] ECF No. 10, Attachment 2 at 75.

discuss with the defendant."[90]Further, it noted that, in light of the foregoing, a failure to discuss the right to testify with a defendant "has no effect on the validity of the plea."[91]

As detailed above, that the Ohio appeals court evaluated this claim purely under Ohio law. As such, the Ohio court did not reference or apply clearly established federal law to this claim. Indeed, a review of Aldrich's state appellate brief discloses that this claim was not presented to the Ohio court as a federal claim directly addressing a knowing, intelligent and voluntary plea, but as a claim arising from an implicit denial of an accused's right to be his own lawyer or to appear at his trial or concerning the nature of a valid waiver.[92]That said, while it might be argued that this was not fairly present to the Ohio court, a procedural default may be overlooked by the federal habeas court when the claim can be adjudicated against the petitioner on the merits.

Here, the standard for reviewing the Ohio appellate opinion is whether it is contrary to clearly established federal law, since, as noted, that opinion does not base itself on clearly established federal law. A state court decision is not contrary to a decision of the United States Supreme Court simply because it does not cite to any decision of the United States Supreme Court.[93]The state court need not be aware of any relevant Supreme Court precedent so long as neither its reasoning nor result contradicts it.[94]

The relevant federal law for establishing a valid plea is well-known. A guilty plea is more than an admission that the accused did the acts he is charged with; it is itself a conviction such that nothing more need be done but to give judgment and determine sentence.[95]As such, a plea waives

---

[90] *Id*. (citation omitted).
[91] *Id.*
[92] ECF No. 10, Attachment 3 at 134-38.
[93] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).
[94] *Id*.
[95] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

the right to trial before a judge or jury and, therefore, must be made voluntarily and intelligently,[96] as determined by the totality of the circumstances.[97]The Constitution requires that the totality of the circumstances reflect that a defendant be informed of the direct consequences of the plea.[98]Moreover, a valid plea must be a voluntary and intelligent choice among the alternative courses of action open to the defendant.[99]

In a federal habeas proceeding, the State bears the burden of showing that the plea was valid and usually does so by producing a transcript of the plea hearing.[100]No exact recital of waived rights is required, rather, the record should reflect that the accused had a full understanding of the direct consequences of the plea, so that it is clear that the plea represented a voluntary and intelligent choice among the alternatives.[101]

Because a valid plea is a solemn declaration of guilt by the defendant, it carries a presumption of truthfulness.[102]Moreover, as noted above, having entered a valid plea, a defendant may not then challenge antecedent non-jurisdictional defects in the proceedings.[103]Thus, to the extent that Aldrich's plea was valid, he may not argue that ineffective assistance of counsel occurred in the proceedings prior to the plea.

That said, I recommend denying this claim on the grounds that the Ohio court decision was not contrary to the clearly established federal law pertaining to valid pleas. As discussed above, that there is no Constitutional requirement that the plea colloquy contain a specific recital of rights

---

[96] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).
[97] *Brady v. United States*, 397 U.S. 742, 749 (1970).
[98] *Id*. at 755.
[99] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).
[100] *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).
[101] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).
[102] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).
[103] *Tollett*, 411 U.S. at 266-67.

that are being waived. Rather, the clearly established federal law states that, from the totality of the circumstance, the record should reflect that the accused had a full understanding of the direct consequences of his plea such that the plea represented a voluntary and intelligent choice among alternatives.

Here, the plea colloquy, as well as the written plea agreement,[104]show that, in addition to the specific inquiries discussed above, the trial judge, prior to commencing the plea colloquy, gave Aldrich and his attorney time to again review the written plea agreement before signing it.[105]After that conference with his attorney, Aldrich then explicitly represented to the trial judge that his attorney had answered all his questions about the plea agreement and that the attorney had done everything Aldrich had asked of him, consistent with what is legally and ethically permitted.[106]Later, at the conclusion of the plea colloquy, the trial judge asked: "Do you have any questions about anything in the agreement;" "You understand everything?" and "You agree to everything?" Aldrich replied "No, sir;" Yes, sir" and "Yes, sir" to each of these inquiries.[107]

As detailed above, clearly established federal law does not require an exact recital of waived rights, but only that, under the totality of the circumstances, Aldrich had a full understanding of the direct consequences of his plea. I recommend finding, based on the record shown above, that Aldrich not only understood that he was waiving his right to a trial, but also assured the court on numerous occasions that he had no questions about what was covered by his plea agreement and had, in fact, thoroughly discussed to his satisfaction the agreement and its direct consequences with his counsel.

---

[104] See, ECF No. 10, Attachment 3 (transcript of the plea hearing).
[105] *Id*. at 4.
[106] *Id*. at 5.
[107] *Id*. at 17.

16

Those answers are now binding on this Court as it evaluates whether the plea was knowing, voluntary and intelligent.[108] Indeed, as the Sixth Circuit explained in *United States v. Gardner*, the fact that the plea colloquy involved simple questions eliciting "yes" or "no" answers does not "render the exchange meaningless."[109] Rather, such questions, which comply with Rule 11 of the Federal Rules of Criminal Procedure, place the defendant's state of mind on the record and facilitate a review of the proceedings to ascertain if the plea was knowing, voluntary and intelligent.[110] Moreover, as in *Gardner*, the reviewing court may also rely on the fact that a defendant was afforded "ample opportunity to ask any question of the court about the charges or his rights."[111]

Finally, I also note that Aldrich has not cited this Court to a single controlling Supreme Court holding that requires a valid plea be supported by a plea colloquy discussion with the defendant of his right to testify at trial.[112]

Accordingly, I recommend that Ground Two be denied on the merits because the opinion of the Ohio appeals court was not contrary to the clearly established federal law concerning valid pleas. In that regard, should this recommendation as to Ground Two be adopted, Ground One should be dismissed rather than denied on the merits.

c.      ***Ground Three***

---

[108] *United States v. Gardner*, 417 F.3d 541, 544-45 (6th Cir. 2005) (internal citations omitted).
[109] *Id.*
[110] *Id.*
[111] *Id.*
[112] 28 U.S.C. § 2254 (d)(1). A state court decision is "contrary to" clearly established federal law when it "applies a rule that contradicts the governing law set forth [in holdings of the United States Supreme Court]" or confronts a materially indistinguishable set of facts and arrives at an opposite conclusion from a decision of the United States Supreme Court.

In Ground Three, Aldrich argues that it was error for the trial court to impose the maximum penalty of eight years "in violation of his Sixth and Fourteenth Amendment rights."

Although Aldrich made a boilerplate citation to Sixth and Fourteenth Amendment rights in his direct appeal to the Ohio courts, he stated that the issue behind this claim was that the "trial court erred in sentencing the defendant to the maximum sentence without making sufficient findings on the record to support the sentence."[113]The Ohio appeals court likewise understood this claim as involving a failure by the trial court "to state the basis for the maximum sentence," which sentence was not justified since "[Aldrich] only had one prior felony conviction."[114]

Once again, although it is not argued by the State, it appears that the current Ground Three was not fairly presented to the Ohio courts as a Constitutional claim. That said, as was also discussed above, this Court may overlook a procedural default when it can otherwise resolve the claim against the petitioner.

Here, the closest Aldrich gets to asserting a federal claim in this ground is an assertion in his supporting brief that the sentence was "disproportionate."[115]As the State initially points out, the Constitution does not guarantee strictly proportional sentences.[116]Further, there were no co-defendants in this case, which is the usual instance for complaints of disproportionality.

More to the point, by asserting that the sentence he received was the maximum sentence, Aldrich inherently concedes that the sentence was within the statutory sentencing range. Indeed, the Ohio appeals court specifically found that the sentence here was "within the statutory

---

[113] ECF No. 10, Attachment 2 at 34.
[114] *Id*. at 76.
[115] ECF No. 1, Attachment 1 at 34.
[116] *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991).

range."[117] The Ohio court further found that "[s]pecific findings are no longer required before imposing the maximum [sentence]."[118]

Thus, the only issue before the Ohio court was whether the trial judge considered the "purposes and principles of felony sentencing" in Ohio, as these are set forth in Ohio statutes.[119] The appeals court found, in that regard, that the trial judge stated on the record and in the sentencing entry that he had considered the relevant statutes.[120] The appellate court further found that, given Aldrich's twelve convictions over a span of twenty years for drug and alcohol offenses, including three for drunk driving, and the fact that he struck and killed the victim, moved her body to the side of the road, then left the scene without informing authorities, establish that the maximum sentence here was not contrary to law.[121]

The finding that the sentence here was authorized by Ohio statute and otherwise not contrary to Ohio law is an interpretation of state law that is binding on this Court.[122] Moreover, because Aldrich cannot demonstrate that the sentence exceeded a statutory limit or was wholly unauthorized by law, he cannot prevail in a federal habeas proceeding.[123] " Claims which arise out of a state trial court's sentencing decision are not generally cognizable unless the habeas petitioner can show that the sentence imposed exceeded statutory limits or is wholly unauthorized by law."[124]

---

[117] ECF No. 10, Attachment 2 at 77.
[118] *Id*.
[119] *Id*.
[120] *Id*.
[121] Id. at 77-78.
[122] *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).
[123] See, *Croce v. Miller*, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017); R&R adopted, 2017 WL 3382665 (N.D. Ohio Aug. 7, 2017).
[124] Id. (internal citation omitted).

Accordingly, I recommend that Ground Three be dismissed as an uncognizable state law claim.

## Conclusion

For the reasons set forth above, I recommend that the petition of Emmitt Harold Aldrich for a writ of habeas corpus be dismissed in part and denied in part, as it more fully set forth above. I further recommend that Aldrich's motion/request for an evidentiary hearing be denied for the reasons stated above.

IT IS SO RECOMMENDED.

Dated: January 7, 2022                    s/William H. Baughman Jr.

                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.